UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MEDALLIA INC.,<br><br>　　　　　*Plaintiff*,<br>v.<br><br>ECHOSPAN, INC.,<br><br>　　　　　*Defendant*. | Case No. 3:22-cv-1243<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PERMANENT INJUNCTIVE RELIEF REQUESTED** |

# COMPLAINT

Medallia Inc. ("Medallia" or "Plaintiff"), files this Complaint for patent infringement against EchoSpan, Inc. ("EchoSpan" or "Defendant"), and states as follows:

## I.　NATURE OF THE ACTION

1.　This is an action for patent infringement of Medallia's U.S. Patent No. 10,963,639 ("the '639 Patent") attached as Exhibit 1. Medallia asserts the '639 Patent against Defendant for making, using, offering to sell, selling, and/or importing electronic feedback systems and methods ("Accused Products"), including but not limited to EchoSpan's 360-degree feedback platform.

## II.　PARTIES

2.　Plaintiff Medallia is a Delaware corporation that maintains its principal

place of business at 6220 Stoneridge Mall Rd., 2nd Floor, Pleasanton, CA 94588.

3. Upon information and belief, Defendant EchoSpan is a Georgia corporation that maintains its principal place of business at 1075 Lullwater Road NE, Atlanta, Georgia, 30307.

## III. JURISDICTION AND VENUE

4. Medallia's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant at least because Defendant has committed one or more of the infringing acts complained of herein in Florida and in this Judicial District. On information and belief, Defendant places infringing products into the stream of commerce, and/or causes such products to be placed into the stream of commerce, with the knowledge, understanding, and expectation that such products will be sold and/or used in Florida and in this Judicial District. Additionally, upon information and belief, Defendant's President maintains a place of business is in this Judicial District. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant derives substantial revenue from the sale/use of infringing products in this Judicial District, expects its actions to have consequences in this Judicial District, and derives substantial revenue from its acts

in this Judicial District. Thus, a substantial part of the events giving rise to Medallia's claims occurred and continues to occur in this Judicial District. On information and belief, Defendant has purposefully availed itself of the privilege of conducting activities within the State of Florida and within this Judicial District. Defendant's activities in the State of Florida and within this Judicial District are continuous and systematic and give rise to at least some of the liabilities that are the subject of this Complaint. More specifically, on information and belief, Defendant's activities include, *inter alia*, promoting and supporting infringing products/services that it offers for sale, sells, markets, advertises, and supports at least in part through personnel in Florida and in this Judicial District.

6. Venue is proper in this District and division pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Local Rule 1.04, because Defendant has committed acts of infringement and has a regular and established place of business in this District and division. Namely, upon information and belief, Defendant, by itself or in conjunction with others, has made, used, offered to sell, sold, and/or imported products that infringe valid and enforceable claims of the '639 Patent in this District, and Defendant has a regular and established place of business in this District including that its President is physically located in, and conducts business in/from, this District.

## IV.  FACTUAL BACKGROUND

7. Medallia is a leader in customer, employee, citizen, and patient experience analytics. Medallia's award-winning SaaS platform, the Medallia Experience Cloud, captures billions of experience signals across voice, video, digital, IoT, social media, and corporate messaging channels. Medallia has invested substantial time and money in developing its proprietary artificial intelligence and machine learning technology to automatically uncover predictive insights that drive powerful business actions and outcomes.

8. On March 30, 2021, the United States Patent and Trademark Office duly and legally issued to Medallia the '639 patent, titled "Systems and Methods for Identifying Sentiment in Text Strings."

9. The '639 patent relates to analyzing the sentiment of text provided in feedback, which involves determining whether the text in feedback expresses positive, negative, neutral, or mixed sentiments. Such sentiment analysis often uses historical data for training a model so that the model learns associations between various language patterns and corresponding sentiments. The trained model can then be used to analyze subsequent new feedback text.

10. The '639 claims, *inter alia*, "1. A computer-implemented method comprising: receiving a text input; evaluating the text input with a first model to determine an initial sentiment and confidence thereof; if the confidence exceeds, or

is equal to, a threshold, using the initial sentiment; if the confidence is below the threshold, accessing a list including at least one secondary sentiment and evaluating the text input, in combination with each secondary sentiment, with a relevantly similar analysis model to generate a relevantly similar confidence (RSC) score corresponding to each secondary sentiment included in the list, wherein an evaluation of each generated RSC score determines whether to use the initial sentiment or a secondary sentiment as a resolved sentiment; and displaying the resolved sentiment associated with the text string."

11. Upon information and belief, Defendant is in the business of designing, developing, distributing, selling, marketing, and importing the Accused Products.

12. Defendant is a direct competitor of Medallia's feedback analysis business. Medallia and Defendant compete for the same customers and, upon information and belief, Defendant has offered the Accused Products, including specifically its 360-degree feedback platform, to actual and potential Medallia customers.

V.   COUNT I: INFRINGEMENT OF THE '639 PATENT

13. Medallia hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

14. The '639 Patent, entitled "SYSTEMS AND METHODS FOR IDENTIFYING SENTIMENT IN TEXT STRINGS," was duly and legally issued

on March 30, 2021.

15. Medallia owns all right, title, and interest in the '639 Patent as well as the right to sue for, collect, and receive damages for past, present, and future infringements of the '639 Patent. A true and correct copy of the '639 Patent is attached hereto as Exhibit 1.

16. The '639 Patent is valid and enforceable.

17. Upon information and belief, Defendant alone or in combination with technology partners uses, manufactures, imports, offers for sale and/or sells products in the United States and in this Judicial District that directly infringe one or more claims of the '639 Patent, literally or under the doctrine of equivalents, as set forth in the preliminary infringement claim chart attached as Exhibit 2.

18. To the extent Defendant has infringed and/or continues to infringe after knowledge of the '639 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

19. Medallia is informed and believes, and on that basis alleges, that Defendant has profited from its infringement of the '639 Patent.

20. Medallia has sustained damages as a direct and proximate result of Defendant's infringement of the '639 Patent and, under 35 U.S.C. § 284, may recover damages for the Defendant's infringement, in no event less than a reasonable royalty for the use made of the invention by the infringer.

21. Medallia has been, and continues to be, damaged and irreparably harmed by the Defendant's infringement, which will continue unless this Court enjoins the Defendant.

22. Medallia will suffer and is suffering irreparable harm from Defendant's infringement of the '639 Patent. Medallia has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '639 Patent. Unless enjoined, Defendant will continue its infringing conduct.

23. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Medallia to recover treble damages and attorneys' fees.

## **PRAYER FOR RELIEF**

Medallia respectfully prays for judgment in its favor and against the Defendant as follows:

A. That the Defendant has infringed one or more claims of the '639 Patent;

B. That the Defendant's infringement is willful;

C. That this case be declared an exceptional case under 35 U.S.C. § 285;

D. That Medallia be awarded damages to compensate Medallia for the Defendant's infringement of the '639 Patent, including lost profits, but in no event less than a reasonable royalty, along with prejudgment and post-judgment interest at the maximum rate permitted by law;

E. A judgment awarding Medallia all damages, including treble damages,

based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

  F. That Medallia's damages be trebled;

  G. That Medallia be awarded its attorneys' fees and costs;

  H. That this Court enjoin the Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them, or any of them, from further infringement of the '639 Patent;

  I. That Medallia be awarded all its costs and expenses in this action; and

  J. Such further and other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 11, 2022        Respectfully Submitted,

ZEISLER PLLC

<u>/s/ Daniel B. Ravicher</u>
Daniel B. Ravicher
Florida Bar No. 102809
777 Brickell Ave Ste 500
Miami, FL 33131
Phone: (786) 505-1205
Fax: (888) 229-1178
dan@zeisler-law.com

Ognjan V. Shentov (*pro hac vice* forthcoming)
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Phone: (212) 671-1921
Fax: (888) 229-1178
oshentov@gmail.com

*Counsel for Plaintiff*