**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MEDALLIA INC,

     Plaintiff,

v.

ECHOSPAN, INC.,

     Defendant.

CIVIL ACTION FILE

NO. 1:23-cv-3730-TCB

**O R D E R**

On June 14, 2024, the Court notified the parties of its intent to appoint Mr. Andrew Crain as special master. Pursuant to Rule 53 and 28 U.S.C. § 455, Mr. Crain filed his declaration. Defendant EchoSpan, Inc. also filed a notice of Rule 53(a)(2) disclosures. Plaintiff Medallia Inc. reviewed EchoSpan's disclosures and has no objection to Mr. Crain's appointment.

Pursuant to Federal Rule of Civil Procedure 53, and hearing no objection from the parties, the Court hereby appoints Mr. Crain as

special master, having found that the issues related to the case are complicated, technical, and appropriate for specialized review.

Mr. Crain shall proceed with all reasonable diligence to review the parties' filings, preside over a single consolidated *Markman* hearing, and submit a report and recommendation ("R&R") on claim construction to the Court. The scheduling and manner of presentation of evidence at the *Markman* hearing shall be determined by Mr. Crain after consultation with counsel for the parties. The timelines provided in Rule 53(f) of the Federal Rules of Civil Procedure shall govern the Court's review of Mr. Crain's R&R.

Following the completion of claim construction, Mr. Crain shall preside over this case as it progresses, including any motion for summary judgment.

Ex parte communications between Mr. Crain and the parties or the Court shall be limited to administrative and scheduling matters only. Any supplemental briefing, exhibits, or other materials provided to Mr. Crain by any party shall be filed on the docket and preserved as part of the official Court record. To facilitate Mr. Crain's review of the case, the Court authorizes that he be provided with access to the filings

of the case through this Court's case management and electronic case filing system (CM/ECF). He shall be given access to all filings, including sealed items. The Clerk is directed to provide Mr. Crain with the requisite account and password without charge. Such access is granted for Mr. Crain's use solely in his capacity as special master in this case.

Mr. Crain shall by compensated at a rate agreed upon by the parties and Mr. Crain. Unless the parties agree otherwise, each party shall be responsible for one-half of Mr. Crain's fees and any other expenses he incurs related to his duties as special master. Mr. Crain shall bill the parties directly, and he and counsel may consult on how to handle billing for his services and expenses. Mr. Crain shall email to the Court copies of all invoices provided to the parties.

Finally, the Clerk is directed to include Mr. Crain on the docket of this case and provide notification of all filings and Court orders to him.

IT IS SO ORDERED this 2nd day of July, 2024.

Timothy C. Batten, Sr.
Chief United States District Judge